Alice M. Clark and Mary M. Proske, Appellants
*v.* Millcreek Township Water Authority and
Township of Millcreek, Appellees.

Argued January 30, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Eugene J. Brew, Jr.,* with him *Dale & Brew,* for appellants.

*William C. Sennett,* with him *Donald E. Wright, Jr.,* and *Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 1, 1978:

A decision of the Court of Common Pleas permitting the Millcreek Township Water Authority (Authority/Appellee) to take all actions necessary to extend water services to certain areas of the Township of Millcreek (Township), Erie County, is the subject of this appeal.

Upon completion of the installation of sewer lines in a portion of Millcreek Township, the Authority prepared plans and accepted bids for the installation of water lines in that area. Pursuant to Section 1602.2 of The Second Class Township Code (Code), 53 P.S. §66602.2,[1] the Township enacted an ordinance requiring abutting owners to connect to the proposed water system.

---

[1] Act of May 1, 1933, P.L. 103, *as amended,* added by Act of April 22, 1970, P.L. 303, 53 P.S. §66602.2, provides:

Whenever a water supply system is or shall have been established or constructed by a municipality authority within a township of the second class, the township supervisors shall be empowered by ordinance, to compel all owners of property abutting thereto to make connection therewith. The supervisors may, by ordinance, impose penalties to enforce any regulation or order they may ordain with reference to any water connections. In case any owner of property other than those expected in section 1602.1 of this act, shall neglect or refuse to connect with said water system for a period of ninety days after notice to do so has been served upon him by the supervisors, either by personal service or by registered mail, the supervisors or their agents may enter upon such property and construct such connection. In such case, the supervisors shall forthwith, upon completion of the work, send an itemized bill of the cost of the construction of such connection to the owner of the property to which connection has been made, which bill shall be pay-

Appellants, Alice M. Clark and Mary M. Proske, owners of properties to be serviced by the proposed water system, objected to its construction arguing that the majority of property owners to be serviced by the system did not want it; that the cost of the system to individual residents will be unduly burdensome; that there is no need for a new system; and that the mandate that each owner must connect to the new system is unreasonable.

After considering the cost and feasibility of constructing the proposed system, and hearing evidence on the availability and quality of ground water, the court below made the following findings of fact: (1) that there is a substantial need for a municipal water system in the area; (2) that there is an inadequate supply of well water and a danger of pollution to that system; (3) that the construction cost of the system is reasonable; (4) that construction of the system is in the public interest; and (5) that construction of the system will be an immediate and long-range economic benefit to the area. It concluded that Appellants' contentions were not supported by substantial evidence; that the Authority neither abused its discretion, committed fraud, nor acted in an arbitrary or capricious manner, and ordered that all necessary steps be taken to extend water services to the subject area.

Appellants appealed to us urging us to agree that the lower court's finding of fact nos. 1 and 2 are not supported by the evidence; that it erred in applying the criteria for its scope of review; and that it abused its discretion in permitting the Authority to mandate connection to the proposed system. It is argued that

able forthwith or the supervisors may authorize the payment of the cost of construction of connections in equal monthly installments, to bear interest at a rate not exceeding seven per centum per annum.

the well water system servicing the area supplies pure water and adequately meets the needs of local residents; that there is no evidence of the impending pollution of that system; that the proper test to be applied in reviewing the Authority's action is to determine whether such action is reasonable, not whether there was bad faith, fraud, capricious action or abuse of power, and that the lower court abused its discretion in permitting the Authority to require each abutting owner to connect to the proposed system regardless of whether a safe and adequate supply of water was being rendered by individual wells.

We shall address each argument seriatim.

Our scope of review is governed by the provisions of the Act of April 18, 1919, P.L. 72, *as amended,* 12 P.S. §1165,[2] under which we are directed to review the record to determine whether the court below abused its discretion, committed an error of law, or whether its findings of fact are not supported by substantial evidence. *See Commonwealth v. United States Steel Corp.,* 15 Pa. Commonwealth Ct. 184, 325 A.2d 324 (1974). *See also Department of Environmental Re-*

---

[2] The Act states:

Review of testimony by appellate court

In any proceedings heretofore or hereafter had in any court of record of this Commonwealth where the testimony has been or shall be taken by witnesses, depositions, or otherwise, and where an appeal has been or shall hereafter be taken from the order, sentence, decree, or judgment, entered in said proceedings, such testimony shall be filed in said proceedings, and the effect of said appeal shall be to remove, for the consideration of the appellate court, the testimony taken in the court from which the appeal is taken, and the same shall be reviewed by the appellate court as a part of the record, *with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law,* and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below. (Emphasis added.)

*sources v. Pennsylvania Power Co.*, 12 Pa. Commonwealth Ct. 212, 316 A.2d 96 (1971).

Appellants' lack of substantial evidence argument cannot be sustained. The record reveals that the water table in Millcreek Township has receded in recent years rendering certain wells unproductive. It is also shown that water rendered by certain other wells is contaminated and undrinkable, and that several residents must rely on bottled water for cooking and drinking purposes.[3]

Appellants' scope of review argument is likewise without merit. Implicit in the lower court's conclusion that the Authority committed no fraud or abuse of discretion nor acted in an arbitrary or capricious manner is the determination that the Authority acted reasonably. We find no error in the court's failure to make an explicit finding of reasonableness.

Considering the authorization of Section 1602.2 of the Code, 53 P.S. §66602.2, to compel connection to a water supply system owned by a municipal authority, Appellants' abuse of discretion argument also must be dismissed.

Accordingly, we

ORDER

AND Now, this 1st day of June, 1978, the order of the Court of Common Pleas of Erie County is affirmed.

---

[3] The record is replete with evidence of failing and contaminated wells. A licensed well digger testified that the recent installation of sanitary sewers had the effect of draining the top of three layers of ground water; a resident of the area testified that the water rendered by her 85-foot deep well made members of her family ill and that she now relies on bottled water for cooking and drinking, and the owner of a 30-acre trailer court testified that one of two wells servicing the facility went dry after the installation of the sanitary sewers and that water from the other well was unusable because of the high iron content.